# INTRODUCTION

The Supreme Court of Pennsylvania has adopted the amendments to Rules 1120 and 1608.  The amendments are effective January 1, 2016.

## EXPLANATORY REPORT
## DECEMBER 2015

### Rule discussion

On September 29, 2014, the Preventing Sex Trafficking and Strengthening Families Act (PSTSFA) (P.L. 113-183) was passed.  In order to receive federal Title IV-E payments for foster care and adoption assistance, states had to comply with the requirements of the PSTSFA by September 29, 2015.  Pennsylvania was granted an extension to January 1, 2016 to comply with the PSTSFA.

### Rule 1120

Three new definitions, "age-appropriate or developmentally-appropriate," "caregiver," and "reasonable and prudent parent standard" have been added to Rule 1120. These terms are utilized in Rule 1608 as a component of strengthening families in the dependency system.

### Rule 1608

Independent living services are now offered to dependent children who are fourteen years of age or older and the phrase "transition to independent living" is now coined "transition to a successful adulthood."

At each permanency hearing, the court must make specific findings.  Two new findings were added to paragraph (D)(1)(o)&(p).  The court must make a finding whether the county agency is taking sufficient steps to ensure: 1) the caregiver is exercising the reasonable and prudent parent standard; and 2) the child has been provided regular opportunities to engage in age-appropriate or developmentally-appropriate activities.

A new paragraph (D)(2) has been added to address another planned permanent living arrangement (APPLA).  This section has been broken down into three areas: additional considerations, inquiry, and findings concerning APPLA.  Under additional considerations, the court must entertain evidence from the county agency concerning the intensive, ongoing, and unsuccessful efforts made to return the child home or

secure a placement for the child with a fit and willing relative, a legal guardian, or an adoptive parent.  The court must engage in family finding and exhaust all other permanency plans before selecting APPLA.  APPLA is to only be utilized as a last resort.  Once APPLA is chosen, the county agency is to identify at least one supportive adult with whom the child has significant connections, support and formalize the connection with the supportive adult, and offer services to maintain the connection between the supportive adult and the child.  Finally, APPLA is to provide the child with stability.  *See* paragraph (D)(2)(a).

Next, under its inquiry pursuant to paragraph (D)(2)(b), the court must engage in a conversation with the child to determine the child's desired permanency outcome.  The child is to speak with the judge rather than having the guardian *ad litem* speak on her or his behalf.

Then, the court must make specific findings pursuant to paragraph (D)(2)(c), including the reasons why APPLA is the best permanency plan for the child and the compelling reasons why it continues to not to be in the best interests of the child to return home or be placed for adoption or with a legal guardian or with a fit and willing relative.